IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ARCHIE L. TURNER, JR.                                                                PLAINTIFF

vs.                                      CIVIL NO. 04-6052

JO ANNE B. BARNHART,
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION                                         DEFENDANT

## MEMORANDUM OPINION

Archie Turner (hereinafter "plaintiff"), brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying his application for a period of disability and disability insurance benefits ("DIB"), under Title II, and supplemental security income benefits ("SSI"), under Title XVI, of the Act.

**Background:**

The applications for DIB and SSI now before this court were filed on December 28, 2001, alleging an onset date of June 15, 2001, due to a learning disability, back problems, epilepsy/seizure disorder, arthritis, and high blood pressure. (Tr. 229, 234, 348-350). An administrative hearing was held on June 26, 2003. (Tr. 39-58). Plaintiff was present and represented by counsel.

At the time of the supplemental administrative hearing, plaintiff was thirty-three years old and possessed a high school education. (Tr. 42). However, the evidence indicates that plaintiff was in special education courses throughout his high school tenure. (Tr. 42-43). Further, the record also reveals that plaintiff is unable to read or write. (Tr. 43). As for past relevant work ("PRW"), plaintiff has performed the positions of janitor and forklift operator. (Tr. 44).

On January 9, 2004, the Administrative Law Judge (hereinafter "ALJ"), found that plaintiff had severe impairments related to residuals from a healed compression fracture at the T-12 level, hypertension, and borderline intellectual functioning. (Tr. 22). However, he concluded that plaintiff's impairments did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. After discrediting plaintiff's subjective allegations, the ALJ concluded that he maintained the residual functional capacity (hereinafter "RFC"), to perform a limited range of light work. (Tr. 23). He determined that plaintiff could only occasionally stoop and crouch, could not do excessive bending, twisting, or turning, and required seizure precautions. (Tr. 23). Further, due to his mental impairment, the ALJ found that plaintiff could only perform work where the interpersonal contact is incidental to the work performed, the tasks performed are learned by experience and require little judgment, and the supervision for non-routine tasks is detailed. (Tr. 23). With the assistance of a vocational expert, the ALJ concluded that plaintiff was capable of performing the position of housekeeping cleaner. (Tr. 56-57).

The Appeals Council declined to review this decision. (Tr. 8-11). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. The plaintiff and Commissioner have filed appeal briefs, and the case is now ready for decision. (Doc. # 7, 8).

**Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir.

AO72A
(Rev. 8/82)

2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevent him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful

3

activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

## Discussion:

Of particular concern to the undersigned is the ALJ's failure to question the vocational expert ("VE"), concerning plaintiff's borderline intellectual functioning. The United States Court of Appeals for the Eighth Circuit has held that borderline intellectual functioning represents a significant nonexertional impairment that must be considered by a VE. *See Foreman v. Callahan*, 122 F.3d 24, 26 (8th Cir. 1997). In the present case, the ALJ concluded that plaintiff suffered from borderline intellectual functioning. However, in his hypothetical question to the VE, he merely stated that plaintiff could perform work that involves only incidental interpersonal contact, tasks learned by experience, limited judgement, and detailed supervision for non-routine tasks. (Tr. 56). He failed to include plaintiff's borderline intellectual functioning in this hypothetical. *See Foreman v. Callahan*, 122 F.3d 24, 26 (8th Cir. 1997) (holding that borderline intellectual functioning indicates a significant nonexertional impairment that needs to be considered by a VE); *see also Cox*

4

*v. Apfel*, 160 F.3d 1203, 1207 (8th Cir.1998)("If a hypothetical question does not include all of the claimant's impairments, limitations, and restrictions, or it is otherwise inadequate, a VE's response cannot constitute substantial evidence to support a conclusion of no disability."). As such, we believe that remand is necessary to allow the ALJ to re-examine plaintiff's mental impairment and question the VE accordingly.

In addition, we also note that the position of housekeeper, which the VE testified that plaintiff could perform as that position is generally performed, requires the employee to be able to "[r]ead a variety of novels, magazines, atlases, and encyclopedias," as well as "[r]ead safety rules, instructions in the use and maintenance of shop tools and equipment, and methods and procedures in mechanical drawing and layout work." *See* DICTIONARY OF OCCUPATIONAL TITLES § 321.137-010, *at* www.westlaw.com. It also requires an ability to "[w]rite reports and essays with proper format, punctuation, spelling, and grammar, using all parts of speech." *Id*.

Generally, when expert testimony conflicts with the Dictionary of Occupation Titles ("DOT"), it is the DOT that controls. *Smith v. Shalala,* 46 F.3d 45, 47 (8th Cir. 1995); *Montgomery v. Chater*, 69 F.3d 273, 276-77 (8th Cir. 1995). However, the DOT classifications may be rebutted with VE testimony which shows that "particular jobs may be ones that a claimant can perform." *Johnson v. Shalala,* 60 F.3d 1428, 1435 (9th Cir.1995).

In this case, the ALJ included the fact that plaintiff was basically illiterate in his hypothetical question to the VE. (Tr. 56). Although the VE testified that plaintiff could perform the position of housekeeper, the DOT's classification of this job indicates that plaintiff must be able to read and

5

write. Further, with regard to the reading and writing requirements, the VE failed to testify that the job traits of the position identified varied from the way the DOT described them. *Montgomery*, 69 F.3d at 277. As the VE's task "is to determine whether jobs exist for someone with the claimant's precise disabilities," he failed to accomplish that task in this case. *Id*. ; *Jelinek v. Bowen,* 870 F.2d 457, 459 (8th Cir. 1989). Accordingly, the Commissioner may not rely on his testimony, and has not met her burden of demonstrating that jobs exist in the economy which plaintiff is capable of performing.

The undersigned is also concerned with the ALJ's failure to obtain a more recent psychological evaluation of plaintiff. Records indicate that plaintiff was last evaluated in 1991, due to a previous application for SSI. (Tr. 16). In 1993, he was reportedly awarded benefits due to his limited intellectual functioning. However, said benefits were later terminated.[1] Following the termination of benefits, plaintiff returned to work, and worked until August 2001. (Tr. 16). While the undersigned is well aware that a person's IQ is presumed to remain stable over time in the absence of any evidence of a change in a claimant's intellectual functioning, S.S.R. 82-54 (2005), 1982 WL 31381 (S.S.A.), we believe that plaintiff's return to work was sufficient to constitute a possible change in his intellectual functioning. *See, e.g., Muncy v. Apfel,* 247 F.3d 728, 734-35 (8th Cir. 2001); *Sird v. Chater,* 105 F.3d 401, 402 n. 4 (8th Cir.1997). As such, a more recent psychological evaluation was warranted. Accordingly, on remand, the ALJ is directed to order a psychological consultative examination.

---

[1]There is no evidence in the record to indicate when or why plaintiff's benefits were terminated. The ALJ merely notes that they were terminated.

6

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 22nd day of August 2005.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)